UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| MAMADY CISSE, Sr., as Administrator of the Estate of MAMADY CISSE (deceased),<br><br>        Plaintiff,<br><br>-against-<br><br>THE CITY OF NEW YORK, et al.,<br><br>        Defendants. | Case No. 1:24-cv-08287 (JLR)<br><br>**ORDER** |

JENNIFER L. ROCHON, United States District Judge:

On October 31, 2024, Mamady Cisse, Sr., as Administrator of the Estate of Mamady Cisse ("Plaintiff"), brought this action pursuant to 42 U.S.C. § 1983 against the City of New York and several known and unknown NYPD Police Officers (collectively, the "City" or "Defendants"). Dkt. 1.

On November 4, 2024, the case was selected for participation in the Southern District of New York's Local Civil Rule 83.10 plan (the "Plan"). On November 7, 2024, the City accepted service, Dkts. 12-14, and on November 27, 2024, counsel for the City entered an appearance, Dkt. 15.

Pursuant to the Plan, "[a]t the same time that plaintiff serves the complaint, plaintiff must serve on the City the released annexed as Exhibit A ('§ 160.50 Release') for sealed arrest records for the arrest that is the subject of the complaint, and for a list of all prior arrests." Loc. Civ. R. 83.10(1)(a). "If plaintiff seeks compensation for any physical or mental injury caused by the conduct alleged in the complaint . . . , plaintiff must serve on the City the medical release annexed as Exhibit B ('Medical Release') for all medical and psychological treatment records for those injuries at the same time that plaintiff serves the § 160.50 Release." *Id.* 83.10(1)(b). "If no § 160.50 Release is served on the City with the complaint,

the City will promptly send a letter to plaintiff's counsel requesting the § 160.50 Release and attaching a copy of Local Civil Rule 83.10." *Id.* 83.10(2).

The Plan sets out the following answer deadlines, depending on the timing of service of the § 160.50 Release:

> If the § 160.50 Release is served on the City at the time the complaint is first served on a defendant, that defendant will have 80 days from the date of such service to answer the complaint. Any subsequently-served defendant will have the greater of (i) 60 days or (ii) the date by which the first-served defendant must answer, to answer the complaint. If the § 160.50 Release is served on the City after the complaint is first served on a defendant, each defendant will have the greater of (i) 60 days from the date the § 160.50 Release is served on the City, or (ii) 60 days after that defendant is served, to answer the complaint. If any defendant moves to dismiss the entire complaint rather than filing an answer, the deadlines in this Rule shall be stayed unless the Court orders otherwise.

*Id.* 83.10(3).

Accordingly, it is ORDERED that the City shall file a letter no later than December 17, 2024, informing the Court whether the City has received the required documents under the Plan.

Dated: December 10, 2024
       New York, New York

                                        SO ORDERED.

                                        *Jennifer Rochon*
                                        JENNIFER L. ROCHON
                                        United States District Judge