

**MURIEL GOODE-TRUFANT**
*Corporation Counsel*

THE CITY OF NEW YORK

LAW DEPARTMENT

100 CHURCH STREET
NEW YORK, NY 10007

**JACQUELYN DAINOW**
Phone: (212) 356-0896
Fax: (212) 356-3509
Email: jadainow@law.nyc.gov

February 7, 2025

**VIA ECF**
Honorable Jennifer L. Rochon
United States District Judge
Southern District of New York
500 Pearl Street
New York, NY 10007

    Re: *Cisse v. City of New York, et al.*, 24-cv-8287 (JLR)(RFT)

Dear Judge Rochon:

    I am an Assistant Corporation Counsel in the Office of the Corporation Counsel, attorney for Defendant the City of New York ("the City") in the above-referenced action. Defendant City writes to respectfully request a stay of this case, thereby also staying the time for all of the named Defendants to respond to the Complaint, pending the ongoing New York Police Department ("NYPD") Force Investigation Division ("FID") investigation into the underlying incident at issue. The City respectfully requests that this case is stayed until 45 days after the investigation has concluded. Defendant City submits that Plaintiff will not be prejudiced in any way by this stay. Counsel for Plaintiff does not consent to this request and has declined to include his position in this letter, opting to file a response instead.

    In the Complaint, Plaintiff Mamady Cisse, Sr., as Administrator of the Estate of Mamady Cisse (deceased), alleges a violation of Plaintiff-decedent's Constitutional rights on or about September 9, 2023 wherein he claims that Plaintiff-decedent was wrongfully killed at a 7-11 in the Bronx by the NYPD. Specifically, Plaintiff alleges claims of, *inter alia*, excessive force, assault and battery, and wrongful death. Plaintiff also alleges *Monell* liability against the City of New York. *See* ECF No. 1.

    This incident is the subject of a current and ongoing investigation by the NYPD. Defendant City therefore respectfully requests a stay of this matter pending the resolution of the NYPD investigation for the following reasons. Preliminarily, a stay here would safeguard against the possibility that a conflict of interest may arise during the pendency of the litigation. As described in the Complaint, the Defendants are NYPD employees. Pursuant to N.Y. General Municipal Law § 50-k, the City is obligated to provide representation to individual defendants to the extent that they were acting within the scope of their duties as its employees during the incident

in question and were not in violation of any agency rule or regulation. Absent a stay, this Office may be required to make representation decisions regarding these NYPD employees prior to learning the outcome of the NYPD's investigation concerning their conduct. Should the investigation later find any of them responsible for any wrongdoing or misconduct in connection with the incident that is the subject of this litigation, defense counsel may be conflicted out of the matter entirely and new counsel would need to be retained for all Defendants. Such a scenario would likely cause a greater disruption to the instant action than the requested stay. *See Heth & JED Community Rockers v. City of New York*, 12-cv-1080 (PAE), ECF No. 6 (S.D.N.Y. Apr. 12, 2012) (granting a stay due to a pending IAB investigation relating to the incident underlying the lawsuit as it may impact the ability of counsel for the City to represent the individual defendants); *Drew v. City of New York*, 18-cv-8529 (JMF), 2019 U.S. Dist. LEXIS 237244 (S.D.N.Y. Feb. 22, 2019) (staying case "pending the resolution of the ongoing Department of Correction investigation into the incidents alleged in this case").

Of note, courts in this Circuit have repeatedly stayed civil actions pending active internal investigations. *See, e.g., Estate of Richards v. City of New York, et. al.,* 18-cv-11287 (PAE) (S.D.N.Y. Jan. 22 & 29, 2019) (Jan. 22 & 29, 2019 Dkt. Entries) (granting stay while NYPD Force Investigation Division investigation pending)*; Lloyd v. Castillo, et. al.,* 15-cv-8273 (RA) (DCF) (S.D.N.Y. Feb. 3, 2017) (Feb. 3, 2017 Dkt. Entry) (granting stay where plaintiff had filed a CCRB investigation mid-way through the civil action and directing defense counsel to provide a status report in 90 days); *Felix v. City of New York*, No. 16-cv-5845 (AJN), 2016 U.S. Dist. LEXIS 120000 (S.D.N.Y Sept. 6, 2016); Muniz v. City of New York, 12-cv-719 (TPG), 2012 U.S. Dist. LEXIS 99826, at *4 (S.D.N.Y. July 17, 2012) (granting stay as to individual defendants pending resolution of internal agency investigation); *Grazette v. Rockefeller, et al.*, 20 Civ. 965 (ER)(SLC) (S.D.N.Y. Nov. 6, 2020) (Dkt. No. 38); *Walker v. Raja, et al.*, 17 Civ. 5202 (PKC) (TAM) (E.D.N.Y. Nov. 6, 2017) (Dkt. No. 21); *D.G., et al. v. City of New York, et al.*, 21-cv-2073 (WFH)(CLP) (E.D.N.Y. May 10, 2021) (May 10, 2021 Dkt. Entry); *Remy, et al. v. City of New York, et. al.,* 20-cv-6189 (DG) (JRC) (E.D.N.Y. March 12, 2021) (Mar. 12, 2021 Dkt. Entry); *Palmer v. City of New York, et al.*, 24-cv-8035 (CM) (S.D.N.Y. January 13, 2025) (ECF No. 27 (granting stay of case pending DOC investigation)); *Morgan, et al. v. City of New York, et al.,* 23-cv-1079 (NRB) (S.D.N.Y. June 12, 2023) (ECF No. 18 (granting stay of case pending DOC investigation)); *Shy-Kym Samuel v. Captain Polpotic, et al.*, 18-cv-4039 (JMF) (S.D.N.Y. Aug. 30, 2018) (ECF No. 20 (endorsed letter granting stay pending DOC investigation)); *Michael Megginson v. C.O. Molina, et al.*, 18-cv-5808 (GHW) (S.D.N.Y. Sept. 19, 2018) (ECF No. 19 (endorsed letter granting limited stay pending DOC investigation)); *Christopher H. Cano v. Officer Oxley*, 18-cv-3428 (BMC) (CLP) (E.D.N.Y. Oct. 18, 2018) (ECF No. 15, at 2 (granting stay "pending outcome of an internal investigation into underlying incident by New York City Department of Correction"))*; see also Saleh et al v. The City of New York*, 12- cv-00278 (ERK) (SMG) (E.D.N.Y. May 10, 2012) (granting stay due to pending IAB investigation as denial of a stay would complicate and prolong litigation); *Troy Jones v. City of New York et al.*, 14-cv-2094 (ENV) (JMA) (E.D.N.Y. May 16, 2014) (granting stay due to pending open CCRB investigation); *Annan v. City of New York*, 12-cv-2702 (CBA) (CLP) (E.D.N.Y. Sept. 7, 2012) (ECF No. 24 (granting stay in pro se case due to open IAB investigation)); *Debra Constantino v. City of New York et al.*, 13-cv-4175 (PKC) (LB) (E.D.N.Y. Nov. 27, 2013) (granting stay due to pending CCRB investigation); *Butler v. City of New York*, 12-cv-3759 (JPO) (S.D.N.Y. Sept. 7, 2012) (ECF No. 10 (granting stay in light of open Internal Affairs investigation into incident alleged in the

complaint)); *Ortiz v. City of New York*, 13-cv-07367 (LTS), ECF No. 20 (S.D.N.Y. June 10, 2014) (staying case during pendency of CCRB investigation).

Accordingly, for the aforementioned reasons, similar to the numerous cases cited above, a stay is appropriate in this matter. Therefore, the City respectfully requests that this Court grant a stay of this action pending the ongoing NYPD investigation into the underlying incident until 45 days after the investigation has concluded, thereby also staying the time for all Defendants to respond to the Complaint, and for such other and further relief as this Court deems just and proper.

I thank the Court for its consideration.

Respectfully submitted,

s/ *Jacquelyn Dainow*
Jacquelyn Dainow
Assistant Corporation Counsel

cc: All counsel of record (via ECF)

Defendants' letter-motion for a stay pending the ongoing NYPD investigation is GRANTED in part and DENIED in part. Over the objection of Plaintiff, for the reasons set forth in the Government's letter, and based on the authority cited by the Government, the Court agrees that a brief stay is warranted because proceeding during a pending investigation creates conflict risks and potentially adversely impacts discovery. The Court will not, however, grant an indefinite stay as requested. *Cf. Palmer v. City of New York*, No. 24-cv-08035 (S.D.N.Y. Jan. 13, 2025), ECF No. 27 (declining to enter "an endless stay so [the] internal investigation gets put off"); *Grazette v. Rockefeller*, No. 20-cv-00965 (S.D.N.Y. filed Feb. 4, 2020) (stay pending resolution of internal investigation resulted in two-year delay). Because the incident subject to the investigation occurred nearly a year and a half ago, and the New York Attorney General has already completed its own investigation, the Court expects that the NYPD's investigation shall conclude promptly, minimizing any prejudice to Plaintiff.

Accordingly, this action is hereby STAYED until **March 31, 2025**. No later than that date, Defendants shall file a letter regarding the status of the investigation, and if it is not completed, an estimated date of conclusion. If the investigation is completed prior to that date, Defendants shall inform the Court forthwith.

SO ORDERED.

Dated: February 13, 2025
New York, New York

*Jennifer Rochon*
**JENNIFER L. ROCHON**
**United States District Judge**