

**T**HE **C**ITY OF **N**EW **Y**ORK
# LAW DEPARTMENT
100 CHURCH STREET
NEW YORK, N.Y. 10007

**STEVEN BANKS**
Corporation Counsel

**BRIAN FRANCOLLA**
*Senior Corporation Counsel*
Tel.: (212) 356-3527
Fax: (212) 356-3509
bfrancol@law.nyc.gov

May 7, 2026

**BY ECF**
Honorable Jennifer L. Rochon
United States District Judge
United States District Court
Southern District of New York
Daniel Patrick Moynihan United States Courthouse
500 Pearl St.
New York, New York 10007

Request GRANTED.  The conference scheduled for May 21, 2026 is adjourned to **June 9, 2026, at 10:00 a.m**. and will serve as a pre-motion conference for Defendants' motion for summary judgment.  Plaintiff's response to this pre-motion letter shall be due by **May 26, 2026**.

**SO ORDERED.**

Dated: May 8, 2026
          New York, New York  *Jennifer Rochon*
**JENNIFER L. ROCHON**
**United States District Judge**

Re: <u>Cisse, Sr. v. City of New York et al</u>, 24-CV-8287 (JLR)

Your Honor:

I am a Senior Counsel in the Special Federal Litigation Division of the New York City Law Department, and the attorney assigned to the defense of the above-referenced matter on behalf of defendants.  In that capacity, I write to respectfully request that: (1) the pre-trial conference serve as a pre-motion Conference; and (2) the date for same be rescheduled to a date and time convenient to the Court some time after June 5, 2026.

Beginning with the second request, the reason for same is that I will be out of the country for a scheduled vacation from May 20, 2026, up through May 31, 2026, and plaintiff's counsel has a scheduled vacation the first week of June.  Should the Court be amenable to rescheduling the pre-motion conference date, the parties are currently available on the following dates: June 9, 2026, June 15, 2026, June 17, 2026, June 18, 2026, June 19, 2026, June 22, 2026, June 24, 2026, June 25, 2026 and June 26, 2026.  Plaintiff's counsel consents to defendants' request to adjourn the conference date and requests that, should the Court grant same, plaintiff's response to the instant pre-motion conference letter be due two weeks before the rescheduled conference date – a request to which defendants consent.

<u>Factual And Legal Basis For Defendants' Anticipated Summary Judgment Motion</u>

Mamady Cisse, Sr., as Administrator of the Estate of Mamady Cisse, brings various claim arising from a police involved fatal shooting that occurred on September 9, 2023,

resulting in the death of his son, Mamady Cisse.  Specifically, plaintiff brings the following claims in his complaint: excessive deadly force against defendant Police Officer Ivan Nunez; failure to intervene against defendant Police Officer Alan Viveros; negligent training, retention, discipline, and supervision against defendant City of New York; municipal liability under Monell against defendant City of New York; and corresponding claims under both state and local laws against all three defendants.  In large part, if not entirely, plaintiff's claims all turn on whether the shooting of Mamady Cisse was justified.  Based upon the undisputed evidence, defendants submit that it absolutely was.

On the date in question, at approximately 2:30 p.m., an employee from 7-Eleven walked into the 45th Precinct in the Bronx and, in sum and substance, requested police assistance in response to an individual – later identified as the decedent in this matter, Mamady Cisse – who was inside of where she worked, *inter alia*, refusing to leave.  Defendants Nunez and Viveros were assigned to address her request and they proceeded to walk to the 7-Eleven which was located next door to the 45th Precinct.  Both defendants Nunez and Viveros activated their Body Worn Cameras ("BWC") immediately upon exiting the Precinct and their entire interaction with Mr. Cisse was clearly captured in its entirety.  In advance of any pre-motion conference, defendants can provide the Court with their respective BWC footage should the Court wish to review same.  However, for brevity sake, the Office of the New York State Attorney General has publicly shared the relevant portion of defendant Nunez's BWC which can be accessed via the following website: https://ag.ny.gov/osi/footage/mamady-cisse.

The BWC footage makes clear that after defendants entered the 7-Eleven, they observed Mr. Cisse standing in the back of the store.  Defendant Nunez approached Mr. Cisse directly while defendant Viveros approached him from the side.  Mr. Cisse began to approach defendant Nunez with his right hand in the front pocket of his sweatshirt.  In response, defendant Nunez issued a command to Mr. Cisse directing him to take his hands out of his pockets.  Mr. Cisse does not immediately respond to that command, but shortly after the command is issued a knife blade becomes visible protruding from Mr. Cisse's pocket as he walked closer to defendant Nunez.  Seeing this, defendant Nunez drew his firearm in direct response, pointed it at Mr. Cisse and issued further commands to him.  While Mr. Cisse ultimately removed his hand from his pocket, he refused to drop the knife.  Instead, he switched the knife into his left hand while he continued to move in the direction of defendant Nunez.  Defendant Nunez, with his gun still pointed at Mr. Cisse, began to frantically back up in response.  Mr. Cisse continued to rapidly approach defendant Nunez while he was still holding the knife in a threatening manner.  Ultimately, Mr. Cisse raised his left arm in a stabbing motion as he lunged towards defendant Nunez – getting to within a foot or two of him.  At that moment, defendant Nunez fired one shot striking Mr. Cisse in his torso causing him to fall to the ground.  While not visible in the BWC clip referenced above, defendants immediately called for assistance, including an ambulance, and began providing Mr. Cisse with basic life support while they waited for assistance to arrive.  Unfortunately, however, Mr. Cisse was unable to be saved and he was pronounced dead on arrival at Jacobi Hospital as a result of his wound shortly after the shooting occurred.

Regarding defendant Nunez's use of deadly force, "an officer's decision to use deadly force is objectively reasonable only if the officer has probable cause to believe that the suspect poses a significant threat of death or serious physical injury to the officer or others." Cowan ex rel. Estate of Cooper v. Breen, 352 F.3d 756, 762 (2d Cir. 2003) (quotation marks

2

omitted).   Defendants respectfully submit that based on clear BWC footage that fully depicts their interaction with Mr. Cisse, defendant Nunez had probable cause to believe that a man who charged at him holding a knife in a stabbing motion, and who ultimately got within a few feet of him before any shot was fired, posed a significant threat of death or serious physical injury to him.  See generally, Soto v. City of New York, 283 F. Supp. 3d 135 (S.D.N.Y. 2017).

To the extent plaintiff wishes to maintain any claim against defendant Viveros (who did not discharge his weapon), defendants submit there is no legal nor factual basis to do so.  The only substantive claim against defendant Viveros is premised on an alleged failure to intervene – something that under the circumstances herein would have been impossible even if the Court were to find that there was a question of fact over whether the decision to use deadly force was reasonable.  See Campbell v. City of Yonkers, 19 CV 2117 (VB)/19 CV 9444 (VB), 2023 U.S. Dist. LEXIS 131985, *31-32 (S.D.N.Y. July 31, 2023) ("The undisputed facts show the shooting happened in a matter of seconds and that no officer warned he was going to shoot before opening fire. Nor is there a genuine dispute that when the shooting began, Walencik and Wissner were not close to the scene and the other non-firing defendants had taken cover behind various police vehicles.") (citing Crockett v. City of New York, 2015 U.S. Dist. LEXIS 131327 at *22-23 (E.D.N.Y. Sept. 29, 2015) ("Based upon the distances between the Other Defendant-Officers and [the firing officer], and the fact that the two shots were fired in rapid succession and without notice or warning, the Other Defendant-Officers did not have a realistic opportunity to intervene to prevent the shooting.").

Defendants further submit that there is zero evidence in the evidentiary record to support any individual claim against the City of New York surviving summary judgment.  For that reason, and on the grounds that any claim alleging a constitutional violation against defendants Nunez and Viveros fails as a matter of law, summary judgment should be granted in favor of defendant City as well.

Last, should the Court determine that a pre-motion conference is not necessary, the parties can confer and jointly propose a briefing schedule for the Court's endorsement.

Thank you for your consideration herein.

Respectfully submitted,

/s/
Brian Francolla
Senior Counsel
Special Federal Litigation Division

cc:      All Counsel (By ECF)

3